IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RUSH WATSON II and GARETTA WATSON,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v.                                 ) | **CASE NUMBER:  CV-08-414** |
| ) | |
| **AMERICA'S EZ MORTGAGE, INC.,** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | |

## COMPLAINT

1. NOW COME the Plaintiffs and as their Complaint against Defendant AMERICA'S EZ MORTGAGE, INC., (Hereinafter "EZ.") state as follows:

### JURISDICTION

2. This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

### SUMMARY OF CLAIMS

3. These claims arise from a real estate loan transaction resulting in mortgage upon Plaintiffs' home in Mobile County, Alabama. Specifically, Plaintiffs' claims against Defendant EZ arise under the federal Truth in Lending Act ("TILA"), 15 U.S.C. S 1601 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601 et seq. The TILA disclosures given to Plaintiffs regarding the instant transaction understate the Finance Charge and APR. EZ is liable for damages for the failure to properly disclose these. The RESPA claims arise in connection with the imposition of a "Loan Discount" fee for which no interest rate discount was given or bargained for in connection with the loan. A Loan Discount fee, often called "points" or "discount points," is a one-time charge imposed by a lender to lower the interest rate at which the

lender would otherwise offer a loan. Plaintiffs paid an exorbitant amount denominated as "Loan Discount" fee, as shown on their HUD-1 settlement statement, but did not receive a concomitant reduction in their interest rate.

## THE PARTIES

4.     Plaintiffs are both individuals of full age of majority, residents of this district and citizens of the State of Alabama.

5.     EZ is engaged in the originating, holding and selling of federally related mortgage loans. EZ does business in this district by making, holding and selling mortgage loans on real property within this district. EZ is a corporation with its principal place of business at 6460 Van Buren Street, Daphne, Alabama 36526.

## FACTUAL ALLEGATIONS

6.     On or about July 16th 2007, Plaintiffs obtained a real estate mortgage loan from EZ. EZ is a residential mortgage lender.

7.     The mortgage loan transactions of Plaintiff was a federally related mortgage loan transaction pursuant to 12 U.S.C. §§ 2601 et seq. ("RESPA").

8.     Plaintiffs granted EZ a security interest in real estate which was to be used by them as their principal dwelling.

9.     EZ was required to provide Plaintiffs certain disclosures pursuant to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., (TILA) and its implementing regulations (Reg. Z).

10.    Under TILA and Reg. Z, EZ was required to clearly and conspicuously disclose the "amount financed" and the "finance charge," among other things, in connection with the loan.

11.     Various fees charged incident to the extension of credit to Plaintiffs were illegal, unearned or padded and therefore not bona fide or reasonable.

12.     Under TILA and Reg. Z, "real estate related fees" may be *excluded* from the calculation of the finance charge only if such charges are bona fide and reasonable. Otherwise, they are finance charges which must be disclosed as such. Reg. Z, § 226.4(c)(7).

13.     Charges for fees associated with the recording of mortgages may be excluded from the computation of finance charge only to the extent actually paid to the governmental entity. If those charges exceed the amount actually paid to record the mortgage, then they are finance charges and must be disclosed as such. 15 U.S.C. § 1605(d).

14.     The TILA disclosures provided to the Plaintiffs in connection with their loan understated the finance because of the misallocation of charges incident to the extension of the credit.

15.     This misallocation of items that should have been *included* in the finance charge also resulted in an understatement of the Annual Percentage Rate ("APR").

16.     EZ also collected and accepted unearned fees in connection with the instant transaction including but not limited to a "Loan Discount" fee of $1,890.00.

17.     The EZ discount fee was unearned because Plaintiffs did not negotiate for a buy-down of the interest rate nor did they receive a lower interest rate in return for paying "points."

## COUNT I

## TILA VIOLATIONS

18.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

19.     This count asserts claims against Defendant EZ for TILA violations.

20.     EZ is a "creditor" within the meaning of TILA, 15 U.S.C. § 1602(f).

21. The disclosures issued by EZ with respect to the Plaintiffs' loan violated the requirements of TILA and Reg. Z by failing to include in the finance charge certain charges payable by Plaintiffs incident to the extension of credit as required by 15 U.S.C. §1605 and Reg. Z § 226.18.

22. Such amounts should have been included in the finance charge disclosed to Plaintiffs.

23. The *exclusion* from the calculation of the finance charge of charges that should have been *included* resulted in an understatement of the finance charge and APR.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants EZ and, pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. §1640(a);

B) Actual damages in an amount to be determined at trial;

C) An award of reasonable attorney fee and costs; and

D) Such other relief at law or equity as this Court may deem just and proper.

## COUNT II

24. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

25. The note and mortgage that Plaintiffs entered into with EZ created a "federally related mortgage loan" as defined at 12 U.S.C. § 2602(1).

26. The line 802 charge listed on the HUD-1 was imposed for services that were not rendered in violation of RESPA at 12 U.S.C. § 2607, and RESPA's implementing regulations, Regulation X, at 24 C.F.R. § 3500.14.

27. In other words EZ charged and accepted Plaintiffs' $1,890.00 and performed no service whatsoever.

28. The HUD-1 was actually being used to conceal unearned fee.

29. As a result of the RESPA violations above alleged, Plaintiffs have been damaged in an amount to be determined at a trial of this action, where they will seek all permissible damages, treble damages, costs and reasonable attorneys' fees.

**WHEREFORE** Plaintiffs pray for judgment against EZ for violating RESPA including treble damages plus reasonable attorneys' fees as provided by law and costs.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

s/Earl P. Underwood, Jr.
EARL P. UNDERWOOD, JR. (UNDEE6591)
Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
Fairhope, Alabama 36533-0969
Telephone:   (251)   990-5558
Facsimile:   (251)   990-0626
epunderwood@alalaw.com