**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| RUSH WATSON, II, and | ) | |
| GARETTA WATSON, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO: 08-0414-KD-C |
| | ) | |
| AMERICA'S EZ-MORTGAGE, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint and
Amended Complaint.  (Doc. 13, Ex. A).  Upon consideration and for the reasons set forth herein,
the motion is **GRANTED.**

Plaintiffs filed a motion for leave to file an amended complaint on February 2, 2009.  (Doc.
13).  Defendant was given until February 17, 2009 to file a response to the motion (Doc. 14), but to
date, no response has been filed.  Pursuant to Rule 15 of the <u>Federal Rules of Civil Procedure</u>, the
plaintiff may amend its pleading once as a matter of course before a responsive pleading is served
and otherwise only by leave of the court.  Fed.R.Civ.P. 15(a).  This decision is within the sound
discretion of the trial court.  <u>Laurie v. Alabama Ct. of Crim. App.</u>, 256 F.3d 1266, 1274 (11th Cir.
2001).  Rule 15(a) tempers the court's discretion by directing that "leave shall be freely given when
justice so requires." <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001).  The United States
Supreme Court has expressly held that "[i]f the underlying facts or circumstances relied upon by a
plaintiff may be a proper subject for relief, he [or she] ought to be afforded an opportunity to test
his claim on the merits."  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  <u>See</u> <u>also</u> <u>e.g.</u>, <u>Hargett v.
Valley Fed. Savings Bank</u>, 60 F.3d 754, 761 (11th Cir. 1995).  Courts must have a substantial reason

to deny a motion to amend. <u>Laurie</u>, 256 F.3d at 1274. Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." <u>Foman</u>, 371 U.S. at 182.

In this case, Defendant has already filed a responsive pleading by filing an Answer to the Plaintiffs' original Complaint. Accordingly, Plaintiffs may only amend the Complaint with leave of court. Plaintiffs' proposed Amended Complaint includes not only additional factual allegations, but also three new counts (Count Three (Credit Discrimination), Count Four (Fair Housing Violation) and Count Five (Fraud)).[1] Plaintiffs also seek an award of punitive damages.

Having read and considered Plaintiffs' Amended Complaint, it does not appear that any of the substantial reasons for denying the motion to amend exist. Additionally, discovery does not close in this case until May 29, 2009, and this matter is not set for trial until October 2009. Moreover, Defendant did not respond to the motion and thus did not raise any argument that it would be unduly prejudiced by the amendment and/or that the amendment is futile. Thus, because "leave shall be freely given when justice so requires[]" <u>Bryant</u>, 252 F.3d at 1163, Plaintiffs' motion for leave to file an Amended Complaint (Doc. 13) is **GRANTED.**

**DONE** and **ORDERED** this 19th day of February, 2009.

 /s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] The proposed Amended Complaint also specifically states that Count Two is a RESPA count. (Doc. 13 at Ex. A at 6).