IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUSH WATSON II and ) | |
| GARETTA WATSON ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO: 08-0414-KD-C |
| ) | |
| AMERICA'S EZ-MORTGAGE, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on plaintiffs' motion to dismiss without prejudice (doc. 45). Plaintiffs cite to no rule or other authority for the dismissal of this action. Since defendant has filed an answer and the motion to dismiss is not signed by all parties who have appeared, the Court will construe the motion as one made under Rule 41(a)(2) of the Federal Rules of Civil Procedure governing voluntary dismissals by court order at the request of the plaintiff. Paragraph (2) provides, in relevant part, as follows:

> By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. Rule 41(a)(2).

This action has been stayed pursuant to 11 U.S.C. § 362 because defendant America's EZ Mortgage, Inc., filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Southern District of Alabama, Case No. 09-13074 (doc. 36). Although an automatic stay has issued, "courts retain jurisdiction 'to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay.'" Robert v.

Bell Helicopter Textron, Inc., 2002 WL 1268030, 2 (N.D. Tex. May 31, 2002) (quoting Picco v. Global Marine Drilling Co., 900 F.2d 846, 850 (5th Cir. 1990)).

The automatic stay, in relevant part, operates to stay the continuation of judicial proceeding against the debtor. 11 U.S.C. § 362(a)(1). Also, the automatic stay serves two primary purposes: To relieve the debtor from the financial expense of litigation during the bankruptcy proceedings and to protect creditors by preserving the debtor's estate. Carver v. Carver, 954 F.2d 1573, 1576 (11th Cir.1992).

At least one court has found that ruling on a dispositive motion such as a motion to dismiss, is a "continuation" of the judicial proceedings, and therefore, a ruling would violate the automatic stay.[1] If such is the case, then plaintiffs would need to obtain relief from the automatic stay before this Court could take any action on the motion to dismiss. Other courts have held that while addressing a motion to dismiss may be considered a "continuation" of the judicial proceeding, dismissal of an action against a debtor is not inconsistent with the purposes or terms of the automatic stay.[2]

---

[1] Pope v. Manville Forest Products Corp., 778 F.2d 238, 239 (5th Cir. 1985) (distinguished in Arnold v. Garlock Inc., 288 F.3d 234, 236 -237 (5th Cir. 2002) (per curiam)).

[2] Independent Union of Flight Attendants v. Pan American World Airways, Inc., 966 F.2d 457, 459 (9th Cir. 1992); Dennis v. A.H. Robins Co., Inc., 860 F.2d 871, 872 (8th Cir. 1988); Zelaskowski v. Johns-Manville, Corp., 578 F. Supp. 11, 17 (D. N.J. 1983); Gallagher v. Sports Publishing, LLC, 2009 WL 294400 (C.D. Ill. February 4, 2009) ("A Rule 41 dismissal does not violate the automatic stay because the purposes of the Bankruptcy Code are in no way infringed by dismissal of the action against the bankrupt party without any additional cost or risk to the bankruptcy party or its creditors") (citations omitted); Slay v. Living Centers East, Inc., 249 B.R. 807 (S.D. Ala. 2000) (finding that voluntary dismissal under Rule 41(a)(1)(i) does not violate the automatic stay and that "the purposes of the Bankruptcy Code [a]re in no way infringed by the dismissal by a plaintiff of a case against the bankrupt without any additional cost or risk to the bankrupt or its creditors.") (quoting Chase Manhattan Bank, N.A. v. Celotex Corp., 852 F. Supp. 226, 228 (S.D.N.Y. 1994)); Darr v. Altman, 20 S.W. 3d 802, 807 (Tex App.

Because dismissal of this action would relieve defendant America's EZ Mortgage, Inc., of the expense of litigation and preserve to all creditors any assets which would be subject to a potential recovery in this action, dismissal of this litigation against defendant America's EX Mortgage would not defeat the purpose of the stay.  Accordingly, plaintiffs' motion to dismiss is **GRANTED** and this action is **DISMISSED** without prejudice.[3]

Barry Friedman filed a suggestion of bankruptcy on behalf of defendant for "informational purposes only" and not as a notice of appearance (doc. 38).  Therefore, the Clerk is **directed** to mail a copy of this order to

> Barry A. Friedman
> Barry A. Friedman & Associates, P.C.
> P.O. Box 2394
> Mobile, Alabama 36652.

Each party shall bear their own costs and expenses.

**DONE** and **ORDERED** this the April 16, 2010.

 s / Kristi K DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

2000).

[3] Plaintiffs are reminded that commencing another civil action against the debtor defendant may be considered a violation of the automatic stay.